Filed 5/5/23 In re I.R. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re I.R., a Person Coming Under the Juvenile Court Law. | H050059<br>(Monterey County<br>Super. Ct. No. 21JV000474) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>I.R.,<br><br>    Defendant and Appellant. | |

After a contested jurisdictional hearing, the juvenile court sustained a wardship petition pursuant to Welfare and Institutions Code section 602, subdivision (a),[1] finding the allegations true beyond a reasonable doubt that appellant I.R. committed forcible rape, kidnapping, burglary, criminal threats, assault with a deadly weapon, and corporal injury. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

I.R. and Jane Doe, both 17 years old at the time of the incidents described herein, had been in a dating relationship from April 2020 until August or September 2021.

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

[2] Pursuant to applicable law, we have reviewed the entire record and provide a brief description of the facts and procedural history of the case, the allegations against the minor, and the disposition imposed by the juvenile court. (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.)

According to Doe, I.R. physically struck her approximately 50 times during the course of the relationship. On September 28, 2021, a month or two after Doe ended the relationship, she noticed I.R. hiding in the bushes outside her apartment as she was leaving for school. Doe attempted to run back into her apartment but could not prevent I.R. from entering as well.

I.R. pulled out a pocketknife and put it against Doe's throat. He demanded that she walk with him to his house and threatened to kill her if she did not comply. While walking to I.R.'s house, Doe secretly dialed 911 on her phone, but was forced to hang up and turn her phone off when I.R. discovered the call. Upon arriving at the house, I.R. took Doe into the bathroom at knife point and forced her to have intercourse against her will. He then took Doe into a bedroom and forced her to have intercourse against her will again.

The Monterey County District Attorney filed a juvenile wardship petition against I.R. on September 30, 2021, alleging that he committed forcible rape (Pen. Code, § 261, subd. (a)(2); count 1); kidnapping (Pen. Code, § 207, subd. (a); count 2); first degree burglary (Pen. Code, § 459; count 3); making criminal threats (Pen. Code, § 422, subd. (a); count 4); assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1); count 5); inflicting corporal injury on someone with whom the offender has had a dating relationship (Pen. Code, § 273.5, subd. (a); count 6); and that a previous disposition regarding an earlier petition had been ineffective (§ 777).

I.R. was detained in juvenile hall pending a jurisdictional hearing. The hearing commenced on March 21, 2022 and concluded on April 11, 2022. The district attorney introduced evidence pursuant to Evidence Code section 1109, including testimony from Doe, Doe's mother, investigating police officers, and a 911 emergency call operator. I.R. testified in his own defense and introduced additional evidence, including testimony from his siblings and parents.

At the conclusion of the hearing, the juvenile court found true the allegations in the petition as to each count. The court explained that it found Doe's testimony to be credible and that the prosecution's other evidence and witness testimony corroborated her statements. In addition, the court found that I.R.'s testimony and that of his parents' lacked credibility.

The juvenile court then held a disposition hearing on May 2, 2022, at which it ordered that I.R. remain a ward of the court and remain committed to the Monterey County Probation Department Youth Center Program for 365 further days.

I.R. timely appealed.

## II. DISCUSSION

We appointed counsel to represent I.R. in this court. Counsel filed an opening brief that states the case and the facts but raises no issues, and asks this court to conduct an independent review of the record to determine whether there are any arguable issues. (See *People v. Wende*, *supra*, 25 Cal.3d 436.) We notified I.R. of his right to submit written argument on his own behalf but he has not done so.

Pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, we have reviewed the entire record and conclude there is no arguable issue on appeal.

## III. DISPOSITION

The dispositional order is affirmed.

_____

Wilson,  J.


WE CONCUR:




_____

Bamattre-Manoukian,  Acting  P.J.




_____

Bromberg,  J.


People v. I.R.
H050059